# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Respondent/Plaintiff, | ) | Case No.: 2:21-cr-0086-GMN-EJY-1 |
| vs. | ) | |
| | ) | **ORDER** |
| ANTONIO MANZO-MADRIGAL, | ) | |
| | ) | |
|     Petitioner/Defendant. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Petitioner Antonio Manzo-Madrigal's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Mot."), (ECF No. 42). The Government filed a Response, (ECF No. 46), to which Petitioner filed a Reply, (ECF No. 47).

Further pending before the Court is Petitioner's Motion for Status of Inquiry on the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 48). The Government did not file a Response, and the time to do so has passed.

For the reasons discussed below, the Court **DENIES** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, and **DENIES as moot** Petitioner's Motion for Status of Inquiry on the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

## I. BACKGROUND

In 2011 and 2015, Petitioner was deported from the United States to Mexico. (Plea Agreement 7:10–12, ECF No. 28). Petitioner knowingly and voluntarily entered the United States and was subsequently apprehended by law enforcement in June 2021. (*Id*. 7:12–15). On May 12, 2021, Petitioner pleaded guilty to one count of Illegal Reentry in violation of 8 U.S.C.

§ 1326. (*See generally* Mins. Proceeding, ECF No. 29). As part of Petitioner's plea bargain, he waived his right to appeal or to collaterally challenge his conviction or sentence in any collateral proceeding. (Plea Agreement 14:5–21). Specifically, Petitioner's plea agreement provided that he: "knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to [his] conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel." (*Id.* 14:15–18). On December 5, 2021, Petitioner filed the instant § 2255 Motion. (*See generally* § 2255 Mot. ECF No. 42). The Court discusses Petitioner's § 2255 Motion below.

## II.     LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." *See also Davis v. United States*, 417 U.S. 333, 344-45 (1974). To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("Brecht's harmless error standard applies to habeas cases under section 2255[.]"). Relief is warranted only upon the showing of "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting 28 U.S.C. § 2255). The court may

deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id.* Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

### III. DISCUSSION

Petitioner filed the instant § 2255 Motion, arguing that the Court should "quash his initial Criminal Complaint, Vacate his Judgment, and Order his immediate release" from custody in light of this Court's decision in *United States v. Carrillo-Lopez*, 555 F. Supp. 3d 996 (D. Nev. 2021). (§ 2255 Mot. at 2). On August 18, 2021, three months after Petitioner's entry of guilty plea, Chief Judge Du determined in *Carrillo-Lopez* that Congress enacted 8 U.S.C. § 1326 with racial animus and therefore violated the Equal Protection Clause of the Fifth Amendment under the *Arlington Heights* standard. *See Carrillo-Lopez*, 555 F. Supp. at 1004. In rebuttal, the Government contends that Petitioner is barred from raising a § 2255 motion because he waived his right to collaterally attack his conviction in his plea agreement. (Resp. 2:22–4:7, ECF No. 46).

"A defendant may waive the statutory right to collaterally attack his sentence or conviction." *United States v. Sotelo*, No. 2:14-cr-0113, 2022 WL 846525, at *3 (E.D. Cal. Mar. 22, 2022) (citing *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). The Ninth Circuit has found that a defendant's waiver of his right to appeal and to bring a collateral attack is enforceable if "(1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Goodall*, 21 F.4th 555, 561 (9th Cir. 2021). The Ninth Circuit has further observed that appellate waivers are "knowing and voluntary despite later changes in the law." *Id.* at 562; *see*

*United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005) ("[A] change in the law does not make a plea involuntary and unknowing."). That a defendant does not "foresee the specific issue that he now seeks to appeal does not place that issue outside the scope of his waiver." *United States v. Johnson*, 67 F.3d 200, 203 (9th Cir. 1995); *see United States v. Herrera*, No. 08-cr-0730, 2022 WL 10584786, at *2 (N.D. Cal. Oct. 18, 2022) (explaining that under *Goodall*, a defendant's waiver of his right to collaterally his conviction is still "valid despite later changes in [the] law"). Nevertheless, a waiver does not bar a claim that challenges the validity of the waiver itself. *See Abarca*, 985 F.2d at 1014. Therefore, a defendant's waiver does not categorically foreclose a § 2255 motion which raises a claim of ineffective assistance of counsel or involuntariness of waiver. *Id*.

### A. Knowing and Voluntary Waiver

Here, the Court finds that Petitioner's waiver of his right to collaterally attack his plea and sentence was knowing and voluntary. The Court will begin with the plea agreement's waiver language. As previously stated, Petitioner's plea agreement specified that he "knowingly and expressly waives all collateral changes, including any claims under 28 U.S.C. § 2255, to [his] conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel." (Plea Agreement 14:5–21). This language specifically encompasses collateral attacks under § 2255, except as to non-waivable claims. *See Davies v. Benov*, 856 F.3d 1243, 1246–47 (9th Cir. 2017).

Moreover, this Court's inquiry at Petitioner's change of plea hearing established he knowingly and voluntarily waived his right to collaterally attack his conviction and sentence under § 2255. At a change of plea hearing, "[a] district court is required to inform the defendant of 'the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.'" *United States v. Lo*, 839 F.3d 777, 784 (9th Cir. 2016); *see*

*also* Fed. R. Crim. P. 11(b)(1)(N) (requiring the court to personally address the defendant in open court to determine the defendant understands the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence). If the district court does so, the Ninth Circuit has held that such procedure is sufficient to find a knowing and voluntary waiver. *Lo*, 839 F.3d at 785. Here, in addition to signing the plea agreement, Petitioner verbally informed the Court at his change of plea hearing that he understood and accepted the terms of his plea agreement, including the waiver of his right to appeal or collaterally attack his sentence. (Change of Plea Transcript, 11:9–12:6, ECF No. 37). "In signing the plea agreement and verbally agreeing he understood its terms, including the waiver of his right to collaterally attack his sentence," Petitioner knowingly and voluntarily waived his right. *Sotelo*, 2022 WL 846525, at *7.

### B. Challenge to the Validity of the Waiver

Here, Petitioner does not contend that ineffective assistance of counsel rendered his plea involuntary. (*See generally* § 2255 Mot.). To the contrary, Petitioner "stipulates, that he purposely did not invoke any Ineffective Assistance of Counsel claim, as he does not hold counsel responsible for arguing a District of Nevada case that had not been yet decided . . . ." (Reply at 2, ECF No. 47). Instead, Petitioner "strictly argues" that his conviction should be vacated because of Chief Judge Du's decision in *Carrillo-Lopez*. (*Id.*). However, Ninth Circuit precedent makes clear that a change in the law does not render a plea involuntary and unknowing.[1] *See Goddall*, 21 F.4th at 562. For the reasons set forth above, the Court finds that Petitioner's waiver was not involuntary.

---

[1] Other circuits are in accord with this understanding of appeal waivers and their preclusive effect on motions seeking the benefit of later changes in law. *See, e.g., King v. United States*, 41 F.4th 1363, 1370 (11th Cir. 2022) (holding that petitioner's *Davis* claim is no exception to the rule that "a defendant that waives the right to collaterally attack his sentence is bound by that decision"); *Portis v. United States*, 33 F.4th 331, 335, 338 (6th Cir. 2022) (observing that the "principle that future changes in law do not vitiate collateral-challenge waivers is mainstream" and dismissing Davis challenge as waived); *Oliver v. United States*, 951 F.3d 841, 844–45 (7th Cir.

Accordingly, Petitioner's §2255 Motion is barred by his knowing and voluntary waiver of his right to collaterally challenge his sentence or conviction.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's § 2255 Motion, (ECF No. 42), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Status Check on the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 48), is **DENIED as moot**.

**DATED** this __29__ day of November, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court

---

2020) (holding that *Davis* challenge failed to "satisfy any of [its] recognized bases for avoiding a valid collateral-attack waiver," including a statutory-maximum exception).